IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANDREW DREW CURTISS, et al.                                                       PLAINTIFF

V.                                                        CIVIL ACTION NO.1:13CV131-SA-DAS

RUSTY MCCOY, et al.                                                              DEFENDANTS

ORDER DENYING MOTION TO STRIKE BUT COMPELLING DISCLOSURES

The defendants moved to strike the plaintiff's designation of two of their experts, Amy Gruszecki and Greg Davis, for failure to comply with the disclosure requirements for specially retained expert witnesses. Fed.R.Civ.P. 26(a)(2)(B). Gruszecki was employed with the Mississippi State Medical Examiner's Office and performed the autopsy on the plaintiffs' decedent David Curtiss. Greg Davis was the Prentiss County Coroner at the time of Curtiss' death.

The defendants contend that the designations are insufficient because neither of these experts provided a signed report, prepared for this litigation, or made the other disclosures required of specially retained experts under Fed.R.Civ.P. 26(a)(2)(B). The plaintiffs counter that these experts were not specifically retained for litigation. Therefore, they argue the requirements for reports and other disclosures do not apply to these witnesses because their involvement in the case arises out of their official capacities as a forensic pathologist and local coroner, respectively. The court agrees that these experts are not required to prepare reports, provide litigation histories, or the other disclosures required by Fed.R.Civ.P. 26(a)(2) and L.U.Civ.R. 26(a)(2)(D). The defendants have replied that the plaintiffs' designations also do not comply with Fed.R.Civ.P. 26(a)(2)(C) and Local Rule 26(a)(2)(D). They contend that the designations fail to include "a summary of the facts and opinions to which the expert is expected to testify." L.U.Civ.R. 26(a)(2(D). While the plaintiff's portion of the designation is limited, the

designation also includes Gruszecki's report of the Curtiss autopsy, which was an exhibit to the designation. Davis is only expected to testify as to the official cause of death based on the Vital Records of Death, which were also provided to the defendants. These disclosures are sufficient to defeat the motion to strike. Any question of the scope of allowable testimony, based on the plaintiff's expert witness disclosures, can only be addressed at trial.

The defendants also argue that the plaintiffs have violated the local rule's mandate that "[t]he party must also supplement initial disclosures " with regard to experts not retained for litigation. L.U.Civ.R. 26(a)(2)(D). The defendants assert that the plaintiffs have failed to provide this supplementation. The court finds that any violation for not duplicating the expert witness disclosures as a separate supplementation of pre-discovery disclosure, while a technical violation, does not prejudice the defendants and does not merit the severe sanction of striking this expert testimony. The plaintiffs shall supplement their initial disclosures pursuant to L.U.Civ.R. 26(a)(2)(D) within seven days of this order.

SO ORDERED this the 10th day of December, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE